IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | CV-2021- |
| ) | 3:21-CV-591 |
| TALLAPOOSA COUNTY ) | |
| BOARD OF EDUCATION, ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | INJUNCTIVE RELIEF REQUESTED |

**COMPLAINT**

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on race and to provide appropriate relief to Plaintiff Shirley Barnes. Plaintiff asserts that her employer demoted her because of her race and retaliated against her for reporting racial discrimination, causing her to suffer financial damages as well as mental and emotional injuries.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The unlawful employment practices alleged below were committed in Tallapoosa County, Alabama, which is within the jurisdiction of the United States District Court for the Middle District of Alabama, Eastern Division.

1

## PARTIES

4. Plaintiff, Shirley Barnes, is an African American female citizen of the United States and a resident of the State of Alabama. At all times relevant to this lawsuit, the Plaintiff was employed by Defendant Tallapoosa County Board of Education at Dadeville Elementary School located in Tallapoosa County. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Title VII.

5. Defendant, Tallapoosa County Board of Education, (hereinafter "Defendant" or "TCBE") is an employer doing business in this district. It is an agency of the State of Alabama organized pursuant to § 16-8-1, et seq., Ala. Code (1975). At all times relevant to this action, Defendant is an employer within the meaning of 42 U.S.C. § 1981 and Title VII.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

7. On or about September 17, 2019, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunities Commission (hereinafter "EEOC") (Charge #420-2019-03672) within 180 days of the primary adverse employment action herein alleged. See Attached Ex. 1.

8. Plaintiff's charge was pending with EEOC for more than 180 days with no response from Defendant. As such, Plaintiff requested that EEOC take the necessary steps for issuance of a Right-to-Sue Notice.

9. Because Defendant is a government agency, said notice is required to be issued by the United States Department of Justice (hereinafter "DOJ"), and Plaintiff requested that EEOC transmit the matter to DOJ for issuance of same.

10. Plaintiff subsequently received a Right-To-Sue Notice, dated June 7, 2021, from DOJ and timely filed this complaint within ninety (90) days of the receipt of said Notice.

## STATEMENT OF FACTS

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail herein below.

12. Plaintiff Shirley Barnes is an African-American woman who has worked in public education for 30 years.

13. Plaintiff holds certifications from the Alabama State Department of Education ("ALSDE") in the areas of Early Childhood Education and Library-Media Specialist.

14. Plaintiff earned a Master of Library Science (MLS) degree from Jacksonville State University and an Education Specialist degree from the University of West Alabama (a terminal degree in field).

15. For the 18 academic years leading up to the 2018-19 academic year, Plaintiff was employed by Defendant as the Library-Media Specialist at Dadeville Elementary School.

16. At the beginning of the 2018-19 academic year, Diane Miller ("Miller"), a Caucasian woman, was employed as Assistant Principal at Dadeville Elementary School. Miller has no known background or training in Library Media Science.

17. The principal of Dadeville Elementary School at that time was a Caucasian man named Rance Kirby ("Kirby"), a former superintendent from another Alabama school district.

18. Kirby delegated day-to-day operational control of the school to Miller.

19. Miller created a racially charged work environment for Plaintiff almost immediately after assuming office.

20. Miller wanted Plaintiff to learn how a white person would run a library and decided she would accomplish this goal by setting up an appointment for a Caucasian Library-Media specialist

3

with equal or lesser credentials and experience, to meet with Plaintiff to discuss changes to Plaintiff's library: The Caucasian Library-Media Specialist is less credentialed than Plaintiff.

21. Miller also directed Plaintiff to visit another school's library to view how it handled operations. Said library had been set up and run by a less-credentialed Caucasian Library-Media specialist during the preceding school years.

22. Miller openly criticized Plaintiff's use of materials regarding the civil rights movement of the 1960's and expressed her desire to eliminate the materials from the library.

23. During Fall Break of the 2018-2019 academic year, while Plaintiff was not at work, Miller ordered the school custodian to throw away materials in the library. The materials thrown away were materials used by Plaintiff to teach about African American culture, cultural diversity, and inclusion. Upon information and belief, Miller actively participated in the destruction of these materials by helping the custodian throw away the materials. Some of the materials discarded belonged to Plaintiff personally.

24. Even though Miller and Plaintiff had not worked together before the 2018-2019 school year, Miller made it clear to Plaintiff that she had already prejudged Plaintiff. Indeed, during a meeting in mid-October of 2018, Miller made several comments about "knowing" Plaintiff. Given the timing and context of the conversations, it was apparent that Miller had prejudged Plaintiff based on Plaintiff's race.

25. Plaintiff expressed her concerns regarding the whitewashing of the library and the racial discrimination she was experiencing.

26. After Plaintiff expressed her concerns, Miller made it more difficult for Plaintiff to do her job. Miller would not provide Plaintiff resources to complete her required tasks and would not give Plaintiff ample notice of scheduled events and meetings.

27. On November 15, 2018, Plaintiff received a Letter of Concern from Kirby and Miller. This was the first time in Plaintiff's 30-year career as an educator that she had been disciplined.

28. After several more months of targeted harassment from Miller, Plaintiff exercised her right, pursuant to § 16-22-14 Ala. Code (1975), to submit a written rebuttal to the letter of concern, reiterating her concerns about the white-washing of the library and Miller's actions.

29. Additionally, Plaintiff's union representative met with Kirby about Plaintiff's rebuttal as well as the racial discrimination that Plaintiff was experiencing.

30. Six days later, Defendant notified Plaintiff that she would be demoted to the position of pre-kindergarten or "Pre-K" teacher by letter dated May 14, 2019, and signed by the Caucasian superintendent of TBCE, Joseph Windle.

31. Windle and Kirby were essentially "rubber stamps," making Miller the final decision-maker with regard to Plaintiff's demotion.

32. After Plaintiff's demotion, her position was advertised by Defendant as vacant pursuant to § 16-22-15 Ala. Code (1975).

33. Plaintiff applied for her former position, but was not hired.

34. Defendants hired a Caucasian woman to replace Plaintiff as Library-Media Specialist even though Plaintiff was the most qualified applicant.

35. The Caucasian woman had only been an educator for one year when she was given the Library-Media Specialist job. Plaintiff had been an educator for thirty years.

36. The Caucasian woman became a certified teacher in 2017. Plaintiff became a certified teacher in 1988.

37. The Caucasian woman had no experience working in a school library. Plaintiff had more than 20 years of experience working in a school library.

38. The Caucasian woman did not possess any degrees in Library-Media Science when she was given the Library-Media Specialist job. Plaintiff had a Master's Degree in Library Science and an Education Specialist Degree in Library Science—the terminal degree in field.

39. ALSDE regulations require a Library-Media Specialist to have certification in that field, which the Caucasian woman did not possess at the time she was hired in lieu of Plaintiff. The Caucasian woman still lacks a Library-Media Specialist certification as of the filing of this Complaint.

40. The job posting issued by Defendant required the requisite degree and certification in Library-Media Science. Defendant ignored the job requirements when they replaced the qualified African-American Plaintiff with the unqualified Caucasian.

41. Miller further retaliated against Plaintiff immediately following the filing of Plaintiff's EEOC charge.

42. Miller's antagonistic and retaliatory conduct included name calling and open hostility toward Plaintiff.

43. Defendant TCBE endorsed and ratified Miller's entire course of conduct toward Plaintiff, and verified Miller's status as the actual decision-maker concerning Plaintiff's demotion, by authorizing the hiring of an unqualified Caucasian in lieu of a qualified African American and by promoting Miller to principal following Kirby's transfer to Dadeville High School.

44. Plaintiff's work environment remains hostile to this day.

45. When Plaintiff was the Library-Media Specialist, she was the only African American, certified employee in a non-classroom position at Dadeville Elementary. Since Plaintiff's demotion in 2019, only Caucasians have held certified, non-classroom positions at Dadeville Elementary.

46. ALSDE data regarding the racial demographics of Defendant's student body for the 2019-20 academic year reflect that, for the entire school system, 2,791 students were enrolled, of whom 792 were African-American, approximately 28%.

47. This comports with United States Census data showing the African-American population of Tallapoosa County as a whole at approximately 27%.

48. However, at Dadeville Elementary School, where Plaintiff works, the same data shows that 631 students were enrolled, of whom 292 were African-American, approximately 46%.

49. The data comports with Census data showing that the percentage of Caucasian and African-American citizens in the city of Dadeville are approximately 48% and 47%, respectively.

50. ALSDE data shows that approximately 54 employees worked at Dadeville Elementary School around the time of Plaintiff's demotion, of whom only 6 were African-American—approximately 11%.

51. Excluding Plaintiff, only two other African-American employees were employed in a certified position at the school, one of whom splits time between two schools and is a varsity sports coach.

52. Defendants have a significantly lower proportion of African-American certified faculty than reflected in the demographics of their student bodies or the census data on their communities.

53. That ratio is even lower for certified positions that do not provide direct classroom instruction, like administration, library-media, and counseling: with zero (0) African Americans in certified positions that do not provide direct classroom support at Dadeville Elementary School.

## COUNT I – TITLE VII

54. Plaintiff re-alleges and incorporates by reference paragraphs 1-53 above with the same force and effect as if fully set out in specific detail hereinbelow.

55. Plaintiff brings this claim for race discrimination pursuant to Title VII.

56. Plaintiff is African American.

57. Plaintiff suffered an adverse employment action by being demoted from Library-Media Specialist to Pre-K teacher and a second adverse employment action when she was not hired into the position once it was advertised and filled by an unqualified person outside the protected class.

58. Plaintiff was replaced by a Caucasian employee who does not have the minimum qualifications for the position, including, but not limited to, a degree and certification in the field of Library-Media Science.

59. Plaintiff has the same ancillary classroom certification as her Caucasian replacement, plus the required certification for the Library-Media Specialist position, plus a terminal degree in the field of Library Science, plus many more years of experience.

60. While Plaintiff's pay was unchanged, as a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost prestige, emotional distress, and other compensatory damages, including, but not limited to, being forced to work numerous uncompensated hours on non-contract days to obtain necessary credentials and otherwise prepare for her new position, one she had never previously held, as well as destruction of her personal property.

61. The unlawful employment practices complained of in this Complaint were intentional.

62. Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

63. Plaintiff seeks to redress the wrongs alleged herein and this suit for compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II – 42 USC §§ 1981 & 1983

64. Plaintiff re-alleges and incorporates by reference paragraphs 1-63 above with the same force and effect as if fully set out in specific detail hereinbelow.

65. Plaintiff brings this claim for race discrimination pursuant to 42 U.S.C. § 1981 and seeks damages pursuant to 42 U.S.C. § 1983.

66. Plaintiff is African American.

67. Plaintiff suffered an adverse employment action by being demoted from Library-Media Specialist to Pre-K teacher and a second adverse employment action when she was not hired into the position once it was advertised and filled by an unqualified person outside the protected class.

68. Plaintiff was replaced by a Caucasian employee who does not have the minimum qualifications for the position, including, but not limited to, a degree and certification in the field of Library-Media Science.

69. Plaintiff has the same ancillary classroom certification as her Caucasian replacement, plus the required certification for the Library-Media Specialist position, plus a terminal degree in the field of Library Science, plus many more years of experience.

70. While Plaintiff's pay was unchanged, as a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost prestige, emotional distress, and other compensatory damages, including, but not limited to, being forced to work numerous uncompensated hours on non-contract days to obtain necessary credentials and otherwise prepare for her new position, one she had never previously held, as well as destruction of her personal property.

71. The unlawful employment practices complained of in this Complaint were intentional.

72. Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

73.     Plaintiff seeks to redress the wrongs alleged herein and this suit for compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT 3: RETALIATION
## PURSUANT TO 42 U.S.C. §1981, § 1983, AND TITLE VII

74.     Plaintiff re-alleges and incorporates by reference paragraphs 1-73 above with the same force and effect as if fully set out in specific detail hereinbelow.

75.     Plaintiff engaged in protected activity by filing her rebuttal to Miller's letter of concern in which she complained of Miller's discriminatory treatment of her because of her race and by reporting to Kirby, through her Union Representative, that she felt discriminated against because of her race.

76.     Plaintiff was then demoted because of her race and in retaliation for her rebuttal and her reporting.

77.     Defendant's actions, which happened within days of Plaintiff's rebuttal and reporting, are causally related to Plaintiff's protected activity.

78.     Defendant lacks a legitimate, non-discriminatory or non-retaliatory reason for Plaintiff's demotion.

79.     Additionally, Miller continues to target Plaintiff and create a hostile environment due to Plaintiff's race and Plaintiff's reporting of racial discrimination.

80.     As a result of this discriminatory treatment, Plaintiff suffered and continues to suffer damages in the form of lost prestige, emotional distress, and other compensatory damages.

81.     The unlawful employment practices complained of in this Complaint were intentional.

82.     Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

83.     Plaintiff seeks to redress the wrongs alleged herein and this suit for compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial by struck jury:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by Title VII.

2.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991."

3.      Grant the Plaintiff an order requiring the Defendant to make her whole by awarding Plaintiff reinstatement into the position she would have occupied in the absence of race discrimination by the Defendant with the same seniority and other benefits of the position, and by awarding compensatory, nominal and/or punitive damages, liquidated damages, attorney's fees, costs, and expenses. Compensatory damages would include, but not be limited to, the value of Plaintiff's property that Miller threw away without consent, compensation for off-the-clock work

time required by Plaintiff's demotion, medical expenses, and mental and emotional distress in an amount to be determined by a struck jury.

4. Award Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action and the prerequisite EEOC proceedings.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

_____
Clinton M. Daughtrey
Counsel for the Plaintiff

_____
Sherri Mazur
Counsel for the Plaintiff

OF COUNSEL:
ALABAMA EDUCATION ASSOCIATION
P. O. Box 4177
Montgomery, AL  36103-4177
Telephone:    (334) 834-9790
Facsimile:    (334) 834-7034

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

_____
OF COUNSEL

**DEFENDANT'S ADDRESS TO BE SERVED VIA CERTIFIED MAIL:**

Hon. Mark Allen Treadwell
Oliver & Treadwell, LLP
129 West Columbus Street
Dadeville, AL  36853